JAMES P. KNEPHER, APPELLEE, V. MCKENNEY DENTISTS ET
AL., APPELLANTS.

FILED NOVEMBER 17, 1921.  No. 21703.

1.  Appeal: AFFIRMANCE.  Where the evidence proves the issues as
tendered by the plaintiff, this court will not disturb the verdict
of the jury.

2.  Evidence examined, and *held* sufficient to support the verdict of
the jury.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE.  *Affirmed.*

*John W. Yeager,* for appellants.

*J. E. Von Dorn, contra.*

Heard before MORRISSEY, C.J., ROSE, ALDRICH and
FLANSBURG, JJ., BROWN and ELDRED, District Judges.

ALDRICH, J.

Plaintiff brought this action against the defendants to
recover damages for personal injuries alleged to have been
caused by certain dental work performed for plaintiff by
the McKenney Dentists, a corporation, through the
agency of one of its dentists, Dr. Robert R. Paige, also a
defendant.  The case was tried to a jury, resulting in a
verdict and judgment in plaintiff's favor for $500.  De-
fendants appeal.

The principal issue presented by the briefs is whether
or not the evidence taken as a whole was sufficient to
sustain the verdict.  The opinion will be devoted in the

main to a discussion of this proposition.

It appears from the record that the plaintiff, having a small cavity in one of his lower molar teeth, went to the offices of the McKenney Dentists for treatment. He was examined and assigned to Dr. Paige, who was a duly licensed and practicing dentist in the employ of the McKenney Dentists. Dr. Paige, examined plaintiff's teeth and advised that he have the tooth filled, and said that the molar immediately adjacent to the tooth of which plaintiff complained showed signs of decay and should be filled. He therefore ground out the cavities and put in the fillings. Almost immediately after the work had been done plaintiff complained to the doctor that the tooth pained him. Dr. Paige told him that many people did not lose the feeling from the effect of a filling until 6 or 8 hours afterwards. Plaintiff came back to Dr. Paige two days later, saying he could not stand the pain. At that time he called the doctor's attention to a slight swelling in his face. Dr. Paige then put on a "local application;" that is, he put medicine around the teeth and on the gum. A day or so later plaintiff came back to the office again suffering with severe pain and his face swollen more than before. Another doctor examined his teeth and reported to Dr. Paige that an abscess had started. Dr. Paige started to drill the filling out of one of the teeth. Plaintiff could not stand the drilling that day or the next. Dr. Schreiber, another doctor employed by the McKenney Dentists, took charge of the case. He cut an opening in the tooth and treated it. All the filling had not been drilled out. After a second examination he advised plaintiff to have the tooth extracted by a specialist. Plaintiff was sent to Dr. Houston, a specialist, who pulled the tooth. About twelve days later Dr. Houston pulled the other tooth. He took an X-ray of both teeth when plaintiff first called at his office and the picture is in the record. The two teeth extracted are also in the record as exhibits.

Plaintiff's own testimony as to his suffering and sleep-

less nights is, of course, uncontradicted. But there is a conflict in the testimony of the doctors when it comes to reading the X-ray pictures. Dr. Harry Foster testified that the picture shows in the second molar the filling touching on the prongs in the pulp; that in the third molar it does not touch the pulp. Other doctors called express their doubts or deny that it touches at all.

The testimony shows that the tooth pulp is very sensitive and is full of nerve tissue, and that a filling set on the pulp would cause severe pain, and, if not sterilized or the canals filled with sterilizing material, an abscess would result. Dr. Harry Foster testified that there should be, between the filling and the pulp, a nonconductor; that gutta-percha was sometimes used to cap the pulp, and that there appeared to be nothing between the pulp and the silver amalgam in the tooth in question. As a matter of fact Dr. Paige admitted that he did not cap the pulp.

We think that the jury were justified in believing the witnesses for the plaintiff, and their verdict on conflicting evidence should not be disturbed unless clearly wrong. This proposition is so axiomatic that no cases need be cited.

"The law does not require of a surgeon absolute accuracy either in his practice or his judgment. It does not hold him to the standard of infallibility, nor require of him the utmost degree of care or skill, but that in the practice of his vocation he shall exercise that degree of knowledge and skill ordinarily possessed by members of his profession." *Van Skike v. Potter,* 53 Neb. 28.

This case is cited by counsel for appellants. We admit this to be the law, but hold that a dentist or surgeon is liable for his negligent acts. Clearly it was a negligent act to set the filling on the pulp as was done in this case. This caused the soreness and finally necessitated the extractions. Omaha is Nebraska's largest city and dentists there have very extensive practices. Their standard should be high.

Appellants also object to the amount allowed in the verdict, claiming it is excessive. Taking into consideration the pain and anguish and the injury to his health testified to by plaintiff, and, what is more, the loss of two teeth, we do not think the verdict was at all excessive. It was eminently fair and just.

In view of this discussion and the entire record, the judgment is

AFFIRMED.